PS 8
(3/15)

# UNITED STATES DISTRICT COURT
for
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 10, 2019

SEAN F. McAVOY, CLERK

| U.S.A. vs. | Mata, Danielle Corine | Docket No. | 0980 4:18CR06044-EFS-2 |

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Daniel M. Manning, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Danielle Corine Mata, who was placed under pretrial release supervision by the Honorable Senior U.S. District Judge, Edward F. Shea, sitting in the court at Richland, Washington, on the 28th day of March, 2019 under the following conditions:

**Condition #4:** Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services office.

**Condition #7:** Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is a required condition of release.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach.)

**Violation #2:** The defendant is alleged to have violated her conditions of pretrial release by being discharged from substance abuse treatment at Merit Resource Services on October 9, 2019, for non-compliance with the conditions of the treatment program.

The defendant's conditions of release were reviewed with her on April 1, 2019, after she released from inpatient treatment. Her case manager at inpatient treatment set up aftercare for the defendant to begin on April 4, 2019, at Merit Resource Services. The defendant signed her newest order of release form, and her previously imposed conditions were reviewed with her at this time, including condition number 4, as noted above. All three release orders were again reviewed with the defendant on July 15, 2019, to make sure there was no confusion about her conditions of release.

On September 23, 2019, Merit Resource Services notified the undersigned officer that the defendant was in non-compliance as she was a no-call, no-show for treatment on September 20, 2019. Merit advised that a 5-day letter was sent to the defendant in an attempt to reengage her into treatment services, and that if no contact was made with the defendant after the 5-day period, the file will be closed.

On October 8, 2019, a letter from Merit was received indicating the defendant was present for her random urinalysis testing on October 7, 2019, but spilled the sample while pouring it from the collection device into the testing cup. It was also advised the defendant left the building before providing another sample.

The undersigned officer had contact with Merit on October 9, 2019. Merit advised of the urinalysis issues with the defendant and how she has been in non-compliance with treatment since September 20, 2019. As the defendant left the building before the staffing was completed on October 7, 2019, and has not reported back to their office for a reassessment, her file has now been closed for non-compliance.

**Violation #3:** The defendant is considered to be in violation of her conditions of pretrial release by tampering with urinalysis samples on October 7 and 9, 2019.

The defendant's conditions of release were reviewed with her on April 1, 2019, after she released from inpatient treatment. Her case manager at inpatient treatment set up aftercare for the defendant to begin on April 4, 2019, at Merit Resource

Services. The defendant signed her newest order of release form, and her previously imposed conditions were reviewed with her at this time, including condition number 4, as noted above. All three release orders were again reviewed with the defendant on July 15, 2019, to make sure there was no confusion about her conditions of release. On August 26, 2019, the defendant was informed that any urinalysis sample that does not register a temperature reading on the testing device will not be accepted and be considered a falsified sample.

Merit Resource Services notified the United States Probation Office on October 8, 2019, the defendant was present for a random urinalysis test on October 7, 2019. They reported that she spilled the urinalysis sample while pouring it from the collection device into the testing cup. The defendant left the building before providing another sample.

The defendant was directed to report to the U.S. Probation Office in Richland on October 9, 2019, to provide a urinalysis sample. She reported at 2:45 p.m. and stated she was ready to provide a sample. When taken to the restroom, the defendant was wearing a long black cardigan which she kept manipulating as she was getting ready to sit on the toilet. She was instructed to stop and remove the cardigan before she sat to give her urinalysis test. She did so, but was hesitant at first. She then sat down on the toilet and advised she was not able to provide a sample as she was too nervous. The defendant was directed to sit in the lobby and wait until she was able to provide a sample for testing.

At approximately 3:20 p.m., Officer Coronado went to look for the defendant in the lobby and she was not there. The defendant was found in the public bathroom in the hallway, and her son was standing outside of the restroom. Officer Coronado knocked on the door and heard the toilet flushing. When asked if the defendant had urinated, she stated she had not but had to "poop." Officer Coronado noted there was no olfactory evidence that she had done that. They returned to the urinalysis restroom where the defendant was again directed to remove her cardigan. She was able to sit down on the toilet and provide a small amount of urine. The urine specimen was poured into the testing cup, but was below the required testing amount. She was directed to try and provide more of a sample for testing. She sat down on the toilet again to provide and then reached her hand under her. She was told to stop and stand up immediately. She claimed she was just trying to fix the collection device as she thought it would fall. This is false, as the collection device is trapped under the toilet seat. The defendant then stated she could not provide any more urine. The urine sample that she had already provided was in the testing cup did not register a temperature. The undersigned officer and Officer Coronado both verified that no temperature reading was evident. The defendant denied any use and stated her urine must just be cold.

PRAYING THAT THE COURT WILL ORDER A WARRANT AND WILL INCORPORATE THE ABOVE VIOLATION WITH VIOLATION(S) PREVIOUSLY REPORTED TO THE COURT

|  |  |
|---|---|
|  | I declare under the penalty of perjury that the foregoing is true and correct. |
|  | Executed on: October 10, 2019 |
| by | s/Daniel M. Manning |
|  | Daniel M. Manning<br>U.S. Pretrial Services Officer |

PS-8
Re: Mata,, Danielle Corine
October 10, 2019
Page 3

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[x]   Defendant to appear before the Magistrate Judge.
[ ]   Other

_____
Signature of Judicial Officer

October 10, 2019
Date